**Robert Emilio Bamaca DE PAZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73274.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Kaaren L. Barr, Esq., Attorney at Law, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Roberto Emilio Bamaca de Paz is a 30–year–old native and citizen of Guatemala. He petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

▮ In order to qualify for asylum, a petitioner must show a causal connection between the harm suffered and a protected ground. *Sangha v. INS*, 103 F.3d 1482, 1486–1487 (9th Cir.1997). De Paz testified that he was targeted on account of an economic dispute with another town, and because he was a witness to a criminal act. Neither of these fall within the protected grounds listed at 8 U.S.C. § 1101(a)(42)(A). Substantial evidence therefore supports the BIA's finding that De Paz failed to show the harm he allegedly suffered was on account of a protected ground. *See id.*

Because petitioner failed to establish eligibility for asylum, he necessarily fails to meet the requirements for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's determination that De Paz does not qualify for relief under CAT because he failed to present evidence that the government would provide consent or acquiescence to his torture. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003).

**PETITION DENIED.**